IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MATTHEW JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:24-cv-203-ECM |
| | ) | [WO] |
| ANDALUSIA ALABAMA POLICE, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION and ORDER**

Plaintiff Matthew Jones ("Jones"), proceeding *pro se*, brought this action pursuant to 42 U.S.C. § 1983 and Alabama state law against Defendants Andalusia Alabama Police and Covington County Police Department (collectively, "Defendants"). Jones claims that in 2000, when he was 14 years old, he was raped and tortured by multiple police officers and private individuals in Alabama and elsewhere. On July 17, 2024, the Magistrate Judge entered a Recommendation (doc. 18) that the Defendants' motions to dismiss (docs. 5, 10) be granted and this case be dismissed with prejudice. Jones filed objections to the Recommendation. (Doc. 19). After carefully reviewing the record in this case, the Recommendation of the Magistrate Judge, and Jones' objections, the Court concludes that Jones' objections are due to be overruled, the Recommendation of the Magistrate Judge is due to be adopted as modified herein, and this case is due to be dismissed with prejudice.

When a party objects to a Magistrate Judge's Report and Recommendation, the district court must review the disputed portions *de novo*. 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667, 674 (1980). The district court "may accept, reject,

or modify the recommended disposition; receive further evidence; or resubmit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1). *De novo* review requires that the district court independently consider factual issues based on the record. *Jeffrey S. by Ernest S. v. State Bd. of Educ. of State of Ga.*, 896 F.2d 507, 513 (11th Cir. 1990). However, objections to the Magistrate Judge's Report and Recommendation must be sufficiently specific in order to warrant *de novo* review. *See LoConte v. Dugger*, 847 F.2d 745, 750 (11th Cir. 1988) ("Whenever any party files a timely and specific objection to a finding of fact by a magistrate [judge], the district court has an obligation to conduct a *de novo* review of the record with respect to that factual issue."). Otherwise, a Report and Recommendation is reviewed for clear error.

The Magistrate Judge recommends that the Defendants' motions to dismiss be granted and this case be dismissed because the Defendants are not suable entities, and also because Jones' claims are time-barred. The Court has carefully reviewed the Magistrate Judge's Recommendation, Jones' objections, and the entire record in this case. Jones' objections amount to general or conclusory objections, which are reviewed for clear error; restatements of his allegations or arguments already presented and addressed in the Recommendation; or patently irrational and frivolous statements, such as his belief that "we are being video and audio recorded at all times and have been for eons now, times spanning longer than nine hundred ninety nine trillion years." (Doc. 19 at 9). While Jones' objections reflect a disagreement with the Recommendation's findings and conclusions, Jones fails to establish that the Magistrate Judge committed any error. Consequently, his

2

objections are due to be overruled.

While the Court agrees with the Magistrate Judge's ultimate conclusion that this case is due to be dismissed, the Court disagrees with the Magistrate Judge's finding that Jones' claims accrued in 2002 because, accepting the factual allegations in Jones' complaint as true, Jones was a minor when his alleged injuries occurred in 2000 and was still a minor in 2002. In his complaint, Jones alleges that his injuries occurred in 2000 when he was 14 years old and thus a minor. Under Alabama law, the statute of limitations is tolled in cases involving a plaintiff who was a minor at the time of the alleged injury until the minor reaches the age of 19 years old. *See* ALA. CODE § 6-2-8; *Elliott v. Navistar, Inc.*, 65 So. 3d 379, 383–84 (Ala. 2010); *Bender v. Coram*, 2015 WL 3385106, at *2 (N.D. Ala. May 26, 2015) ("Under Alabama Law, statutes of limitation are tolled in the case of a minor until the time the minor reaches the age of nineteen." (citing ALA. CODE § 6-2-8)). Here, the statute of limitations for Jones' claims was tolled until sometime in 2005, when he reached the age of 19. Thus, the two-year statute of limitations on Jones' claims did not expire until sometime in 2007. Nonetheless, the Court agrees with the Magistrate Judge's conclusion that Jones' claims are time-barred because he did not file this action until 2024—well more than two years after the statute of limitations expired in 2007. Consequently, the Court concludes that the Magistrate Judge's Recommendation is due to be adopted with this modification.

Accordingly, upon an independent review of the record, and for good cause, it is

ORDERED as follows:

1. Jones' objections (doc. 19) are OVERRULED;

2. The Recommendation of the Magistrate Judge (doc. 18) is ADOPTED as modified herein;

3. The Defendants' motions to dismiss (docs. 5, 10) are GRANTED;

4. This case is DISMISSED with prejudice.

A separate Final Judgment will be entered.

DONE this 4th day of November, 2024.

                /s/ Emily C. Marks  
        EMILY C. MARKS  
        CHIEF UNITED STATES DISTRICT JUDGE